UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**DIEGO ZAPATA**                                            **CIVIL ACTION**

**VERSUS**                                                  **NO. 06-0212**

**BURL CAIN**                                               **SECTION B(6)**

ORDER & REASONS

**IT IS ORDERED** that the Magistrate Judge's Report and Recommendation to **DISMISS** Petitioner's application for §2254 habeas relief be adopted, overruling objections to same; **IT IS FURTHER ORDERED** that the instant petition be **DISMISSED.**

District courts review *de novo* the findings and recommendations of a magistrate when habeas petitioners make timely objections.  *See Warren v. Miles,* 230 F.3d 688, 694 (5th Cir. 2000); *Koetting v. Thompson*, 995 F.2d 37, 40 (5th Cir. 1993) (per curiam).

   A.  *Equitable Tolling of §2254's Filing Deadline*

   Law

A state prisoner has one year to file a federal habeas petition from the time his or her state judgment becomes final.  28 U.S.C.A. §2254 (d)(1) (West 2006).  However, courts will toll the time during which a properly filed state review is pending.  *Id.* at §2254 (d)(2).[1]  Courts in the Fifth Circuit may toll §2254's statute of limitations under rare and exceptional circumstances.

---

1. Courts will not toll the time between a final state court judgment and the deadline for filing an application for a writ of certiorari with the United States Supreme Court.  *See Lawrence v. Florida, 127* Sup. Ct. 1079, 1081 (2007); *Ott v. Johnson,* 192 F. 3d 510, 513 (5th Cir. 1999).

*See In re Lewis,* 484 F.3d 793, 796-97 (5th Cir. 2007) (per curiam); *In re Wilson,* 442 F.3d 872, 875 (5th Cir. 2006) (per curiam). There must be factors external to and beyond the petitioner's control. *Lewis*, 484 F.3d at 797; *Wilson*, 442 F.3d at 875.[2]

Whether a court should toll the statute of limitation because of a petitioner's inferior language skills is a matter of first impression in the Fifth Circuit. In *Cobas v. Burgess*, the Sixth Circuit decided a habeas petitioner's lack of English proficiency did not equitably toll the statute. 306 F.3d 441, 444 (6th Cir. 2002). The *Cobas* court held that a lack of English proficiency could not equitably toll the statute unless it prevented a petitioner from accessing the courts. *Id.* The Ninth Circuit subsequently held the same. See *Mendoza v. Carey*, 449 F.3d 1065, 1069 (9th Cir. 2006) (2-1 decision). Alternatively, in *Gonzales v. Beck,* the Tenth Circuit considered the issue and ruled that equitable tolling would not apply even if the lack of proficiency inhibited a timely filing. 118 Fed.Appx. 444, 447 (10th Cir. 2004). The court reasoned that it would not excuse an untimely filing because petitioner could not show a diligent effort to meet the deadline. *Id.*

Petitioner alleges that his inferior language skills obligate the Court to toll the statute of limitations. He argues his condition presents a rare and exceptional circumstance that would

---

2. Equitable tolling will apply only if a petitioner diligently pursues relief. *Lewis,* 484 F.3d at 797; *Coleman v. Johnson*, 184 F.3d 398, 403 (5th Cir. 1999) (per curiam). *But cf. Wilson,* 442 F.3d at 877 (reasoning that petitioner's diligence in pursuing relief is an important factor when considering equitable tolling).

justify tolling.

Even if this Court were to generally accept a lack of English proficiency as a potential reason to equitably toll the statute, it would not do so in this case. There is no basis here to find that his language deficiency deprived him of access to the courts causing him to file his petition approximately five months late. Lack of proficiency alone will not equitably toll the statute. *See Mendoza* 449 F.3d at 1069-70 (9th Cir. 2006); *Cobas v. Burgess*, 306 F.3d 441, 444 (6th Cir. 2002). There is no causal link between the alleged deficiency and access to court here.

Petitioner's lack of English proficiency, if any, did not cause his untimely filing. Therefore, there is no reason to equitably toll the applicable time periods.

New Orleans, Louisiana, this 30th day of October, 2007.

_____
UNITED STATES DISTRICT JUDGE